[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12796
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60238-RNS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADELINE NELSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 6, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Adeline Nelson appeals the $7,500 fine imposed for conspiring to distribute

Oxycodone and Hydromorphone, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and

possessing with intent to distribute Oxycodone and Hydromorphone, id. § 841(a)(1), (b)(1)(C).  Nelson argues that the fine will "unduly burden [her and] her dependents."  We affirm.

The district court did not clearly err when it ordered Nelson to pay a $7,500 fine.  The Sentencing Guidelines require the district court to impose a fine unless "the defendant establishes that [she] is unable to pay and is not likely to become able to pay."  United States Sentencing Guidelines Manual § 5E1.2(a) (Nov. 2012).  Nelson admitted, by "fail[ing] to object to [the] allegations of fact in [her presentence report]," United States v. Wade, 458 F.3d 1273, 1277 (11th Cir.2006), that she had ten bank accounts containing more than $61,000; she had earned more than $30,000 the preceding four years as a medical assistant; and she had received financial assistance from her family.  And Nelson acknowledged that she had sufficient cash to pay the fine and to retain more than $8,000 in cash and $7,000 in savings bonds.  The district court was entitled to find that Nelson was "able to pay [the] fine" despite her arguments about her financial obligations to her three children and an outstanding $14,000 loan from a friend.  Although the district court did not discuss the individual factors used to determine an appropriate fine, see id. § 5E1.2(d); 18 U.S.C. § 3572(a), we "infer without hesitation" that the district court took those factors into account because it considered Nelson's presentence report before imposing her fine.  See United States v. Khawaja, 118 F.3d 1454,

2

1459 (11th Cir. 1997).  Nelson argues that payment of the fine will leave her "virtually destitute," but the undisputed evidence establishes that Nelson can pay her fine immediately and that her future earnings will be unencumbered.

We **AFFIRM** Nelson's sentence.